JOHN M. CRADDOCK

*v.*

L. H. HERNDON et al.

(*Jackson,* April Term, 1956)

Opinion filed March 8, 1957.

ASHLEY & ASHLEY, Dyersburg, for complainant.

J. B. AVERY, JR., Alamo, ADAMS & ADAMS, Humboldt, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

This appeal is by L. H. Herndon et al., from the decree of the Chancellor overruling the demurrer of said defendants, from which the Chancellor allowed a discretionary appeal.

Although the pleadings are somewhat voluminous and the demurrer consists of numerous grounds, it will, nevertheless, not be necessary to make a full and detailed recital and discussion of same for the purpose of disposing of this appeal.

The original bill and the amended and supplemental bill filed by John M. Craddock alleged that an arbitration agreement had been entered into between complainant and defendant, L. H. Herndon, for the purpose of obtaining a settlement between them of certain disputes with reference to their businesses of canning and freezing food products, which plants were located in several towns in West Tennessee. That pursuant to said arbitration agreement complainant selected B. Frank Craddock and defendant selected J. C. Tankersley and these two arbitrators in accordance with said agreement selected Theo. G. Emison as the third arbitrator. That owing to the illness of B. Frank Craddock, which disqualified him from serving as such arbitrator, complainant and defendant entered into a further written agreement on March 9, 1955, whereby there was named in place of said

B. Frank Craddock Don Forcum; that on April 25, 1955, the said Don Forcum resigned as a member of the arbitration board, thereby leaving a vacancy on said board; that the two remaining members in violation of the arbitration agreement undertook to, and did, make a purported award and have filed the same in Court under a separate docket number; that said purported award is void, because said agreement provides in part that the two arbitrators selected by the parties should select a third arbitrator, which three persons shall constitute the board of arbitrators, and does not provide for an award to be made by less than the three members acting as a board, except in the event that the board can not agree, an award may be made by the majority, which would be two of the arbitrators; that after the resignation of said Don Forcum the remaining two arbitrators had no authority to act until after they had made the selection of a third arbitrator to compose the board of arbitrators.

The arbitration agreement is exhibited to the bill and contains in substance the provisions above stated.

The prayer is that the purported award be declared void; that the remaining members of said board of arbitrators be discharged and the entire proceedings be removed to the Chancery Court for a full hearing and determination; and for general relief.

A demurrer was filed by the two remaining arbitrators of a somewhat general nature and a demurrer was filed by the defendant Herndon on seventeen grounds. The 4th, 6th and 7th grounds are to the effect that the facts above alleged are not sufficient for setting aside the award.

The Chancellor overruled all of the demurrers without discussion of the several ground specified.

We are of opinion that the above and foregoing allegations constituted a good cause of action. All other grounds of the demurrers also are predicted upon the assumption that a valid award has been made, and, therefore, in the view we take of the matter those grounds become immaterial at this stage of the proceedings. All demurrers were directed at the whole bill and the Chancellor was correct in overruling same.

His decree is affirmed with costs and the cause is remanded to the Chancery Court for further proceedings.